[S. F. 7540. In Bank.—September 2, 1915.]

PACIFIC COAST CASUALTY COMPANY (a Corporation), Petitioner, v. A. J. PILLSBURY et al., as Commissioners and Members of the Industrial Accident Commission of the State of California, Respondents.

WORKMEN'S COMPENSATION ACT — APPLICATION FOR REHEARING—FORM OF.—The Workmen's Compensation Act requires that an application for a rehearing before the commission "shall set forth specifically and in full detail the grounds upon which the applicant considers said final order, decision, award," etc., unjust or unlawful (subd. c, sec. 81). This means that the applicant must do something more than make the mere general statement that a certain finding is not sustained by the evidence.

ID.—APPLICATION FOR REHEARING—INSUFFICIENCY OF.—Even if it be assumed that findings of the industrial accident commission awarding an employee compensation for disability are reviewable by the courts, no case authorizing an inquiry by the courts is made on the ground, first, that the employee has been allowed compensation for a longer period than that of actual disability, and, second, that in making the award the commission failed to credit the employer with a certain sum paid by him to the employee, where no such point as to the first ground was made in the application for rehearing filed by the petitioner with the accident commission, and the application for rehearing did not sufficiently set forth the second ground, these two grounds being the only ones upon which it might reasonably be urged that petitioner was entitled to a hearing in the courts.

APPLICATION originally made in the Supreme Court for a Writ of Review against the members of the industrial accident commission to review its findings allowing compensation to an employee for disability.

The facts are stated in the opinion of the court.

T. T. C. Gregory, D. Hadsell, and J. G. Sweet, for Petitioner.

ANGELLOTTI, C. J.—In view of what is shown by the petition and accompanying exhibits, the only matters upon which it might reasonably be urged that petitioner was entitled to a hearing in the courts are: 1. That the employee has been allowed compensation for a longer period than that of actual disability; and, 2. That in making the award the commission failed to credit the employer with the sum of twenty-five dollars paid by him to the employee. Even if we assume that findings of the commission in such matters as these are reviewable by the courts, it still remains that no case is here made authorizing any inquiry by the courts. As to the failure to credit the twenty-five dollars alleged to have been paid, it is sufficient to say that no such point was made in the application for rehearing filed by the petitioner with the accident commission, the result being that this objection must be held to have been finally waived. (See Workmen's Compensation Act, sec. 81, [Stats. 1913, p. 315].) As to the objection that compensation was allowed for a longer period than that of actual disability, it must also be held that the

application for rehearing did not sufficiently set forth the only claim as to which we feel there might be some ground for contending that there was an entire absence of evidence to support the finding of the commission. There was evidence sufficient to support a finding of disability to the date of the hearing before the referee. The testimony of the applicant himself, taken in connection with the other circumstances shown, was legally sufficient for that purpose. Petitioner here might well have claimed in its application for rehearing before the commission that there was no evidence whatever of disability subsequent to that date. But no such claim was specifically made. The Workmen's Compensation Act requires that an application for rehearing before the commission "shall set forth specifically and in full detail the grounds upon which the applicant considers said final order, decision, award," etc., unjust or unlawful. (Sec. 81, subd. c.) This means that the applicant must do something more than make the mere general statement that a certain finding is not sustained by the evidence. As to the only matter we deem material here, the only specification was that the evidence did not justify the finding that the employee "was disabled either wholly or in part from the 26th day of October, 1914, to the 31st day of May, 1915."

It must be borne in mind that we are not intimating any opinion as to our right to review findings of the commission on such matters as we have here discussed.

The application for a writ of review is denied.

Melvin, J., Sloss, J., Lorigan, J., Shaw, J., and Lawlor, J., concurred.