[Civ. No. 7492. Second Appellate District, Division Two.—November 20, 1930.]

COUNTY OF LOS ANGELES, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and BESSIE HALPERN, Respondents.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Petitioner.

Edward O. Allen for Respondents.

THOMPSON (IRA F.), J.—This is a petition for a writ of review by which it is sought to annul an award made by the Industrial Accident Commission to applicant Bessie Halpern. The facts of her injury and subsequent treatment are as follows:

On May 29, 1929, while applicant was employed as a nurse at the Los Angeles County Hospital she fell on a cement floor while reaching upward to a shelf, resulting in injury to her low back and hip. She left her work on June 3d and became a patient at the Los Angeles County Hospital, where she remained until July 15th. While in the hospital one of the medical staff was in attendance upon her, but during the last ten days while she was there she called in, with the permission of the regular attending physician, Dr. Arnov, the latter being a member of the visiting medical staff at the hospital. Dr. Arnov then took complete charge of her case, the other physician permitting him to order such medicines and treatment as he prescribed. Two days after applicant left the hospital she developed lockjaw and called Dr. Arnov to her home to attend her. He advised her to go to a sanitarium and suggested in this

connection Loma Linda Sanitarium. She left in a few days for this sanitarium and remained there until the 16th of August. She paid her hospital bill at the Loma Linda Sanitarium and also paid Dr. Arnov a part of his fee, and it is reimbursement for these amounts and for compensation awarded her which forms the basis of petitioner's complaint.

Pursuant to her application to the Industrial Accident Commission a hearing was had on February 6, 1930, in which she was adjudged to be entitled to her reasonable medical expenses which were to be fixed subsequently upon request and the filing of itemized bills; she was further awarded the sum of $20.83 a week, commencing June 10th and to and including November 28, 1929. Thereafter defendants petitioned for a rehearing before the Industrial Accident Commission, which was granted, and which resulted in an affirmance of the award.

The petitioner here now contends in effect, that the respondent Commission failed to find upon the question of whether the applicant left the county hospital of her own accord or was discharged therefrom, and further that any finding to the effect that she did not leave voluntarily would be unsupported by the testimony. Hence it is said the Commission was without jurisdiction to render its award.

As to petitioner's first contention that the award cannot stand in the absence of a finding on the question of whether "the employer had refused or neglected to furnish proper medical treatment", the record discloses the fact that no point was made in its petition for rehearing before the Commission of the failure to find upon this question, as is required by section 64 of the act (Stats. 1917, p. 873). Therefore the question may not be raised for the first time before this court. The following authorities comment upon this section as follows:

*Great Western Power Co.* v. *Industrial Acc. Com.*, 196 Cal. 593 [238 Pac. 662, 665]: "Complaint is made by petitioner that no allowance was made by the commission in fixing the amount of the contribution to the dependents, for hospital dues, and certain small personal expenditures by the employee at the petitioner's commissary, which were

deducted from the employee's wages in issuing his pay checks. The findings are silent on the subject, but the claim of the petitioner cannot be considered in this proceeding on the writ of review, for the reason that *it was not made to the commission in the petition for rehearing* filed by petitioner in the proceeding below. (Workmen's Compensation Act, sec. 64c.)'' (Italics ours.)

In *Pacific Coast Casualty Co.* v. *Pillsbury,* 171 Cal. 54 [151 Pac. 658], one of the grounds for the petition for the writ of review was that ''in making the award the commission failed to credit the employer with the sum of twenty-five dollars paid by him to the employee''. The court there said: ''It is sufficient to say that no such point was made in the application for rehearing filed by the petitioner with the accident commission, the result being that this objection must be held to have been finally waived. . . . The Workmen's Compensation Act requires that an application for rehearing before the commission 'shall set forth specifically and in full detail the grounds upon which the applicant considers said final order, decision, award', etc., unjust or unlawful.''

▮ Petitioner's remaining point may be disposed of by a determination of whether there was any evidence in the record to support the findings. The evidence in some respects is in conflict and notably on the question of whether applicant left the county hospital of her own accord, or whether that hospital discharged her, but we find ample evidence to support the view that she did not leave ''independently of any request or order from the officials of the hospital''. The evidence is susceptible of the construction that she was discharged therefrom as cured.

Inasmuch as the evidence in the record supports both the findings and award, we are concluded from disturbing the award. (*Walker* v. *Industrial Acc. Com.,* 177 Cal. 738 [L. R. A. 1918F, 212, 171 Pac. 954]; *Southern Pac. Co.* v. *Industrial Acc. Com.,* 177 Cal. 380 [170 Pac. 822, 823]; *Southern California Edison Co.* v. *Industrial Acc. Com.,* 78 Cal. App. 586 [248 Pac. 938].)

Award affirmed.

Craig, Acting P. J., and Archbald, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 19, 1930, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 19, 1931.