[Civ. No. 9790.  First Appellate District, Division One.—May 27, 1935.]

THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., OF LONDON, ENGLAND (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and NELLIE D. GODWIN, Respondents.

George C. Faulkner, William T. Doyle and Henry G. Sanford for Petitioners.

Everett A. Corten, Emmet J. Seawell and A. I. Townsend for Respondents.

TYLER, P. J.—*Certiorari* to review an award of the Industrial Accident Commission made in favor of the widow of a deceased employee. The facts are as follows: One Henry T. Godwin was in the employ of F. Dohrmann, Jr., as a chauffeur. On the evening of December 3, 1931, he had taken his employer and a number of guests to the theater. After the performance he drove them back to his employer's home. He had then finished his work for the day and he proceeded to his own home in a distant part of the city in his own automobile, which he had left at his employer's residence for that purpose. When the employee arrived at his home he stopped his car, got out and went down to open the garage door. The brakes of the car in some way became released and the car moved down an incline toward the garage, throwing the employee against the door and severely injuring him. He thereafter filed an application for benefits before the Industrial Accident Commission. Hearing was had and a decision was filed holding that the injuries sustained by the applicant arose out of and occurred within the course of his

employment. Thereafter a rehearing was had and the commission then found as a fact that the injuries to the applicant did not arise out of nor occur in the course of his employment, and it was ordered that the applicant take nothing by reason of his claim. Thereafter Henry T. Godwin died from natural causes wholly apart from and not connected with the injuries he sustained on December 3, 1931, and his widow thereupon filed an application in her own right for the purpose of determining whether or not she was entitled to disability indemnity up to the date of said employee's death. No claim was made for a death benefit, the employee having died from natural causes not connected with the injury. Hearing was had and in direct opposition to its previous award the commission found that the deceased employee had sustained his injuries in the course of and arising out of his employment, and as a consequence the widow was entitled to an award in the amount of $491.06. A petition for a rehearing was filed and denied. No application for a writ of review was made but a petition to reopen the entire case under section 20 (d) of the Workmen's Compensation, Insurance and Safety Act for good cause was presented before the commission within the prescribed time. This petition was denied, and a rehearing was also denied the same day. This application for *certiorari* is for the purpose of reviewing the action of the commission in denying the motion to reopen the case.

It is petitioners' contention that the injuries the employee suffered did not arise out of or occur within the course of his employment, and the decision of the commission made during the lifetime of the employee that it did not so arise was correct. There would seem to be much force in petitioners' contention. However, no proceedings were instituted for the purpose of seeking a review of the award by the courts, petitioners contenting themselves with an application to reopen the case for good cause under section 20 (d) of the Compensation Act. ▇ While the provisions of this section were enacted to enable the commission to reopen and consider an award where the equities of the case demand it, the section is permissive in character and merely authorizes the commission to rescind or alter its orders when a proper showing is made. The commission is therefore necessarily vested with certain discretion and a former award will not

be lightly set aside upon the mere filing of a petition to reopen, but a proper showing must be made. (*Silva* v. *Industrial Acc. Com.*, 68 Cal. App. 510 [229 Pac. 870].) ■ If the award was entirely without support in the evidence, petitioners should have made timely application for review, but having failed to do so they cannot now complain of the refusal of the commission to set aside its award on a petition to reopen made under section 20 (d). (*Mantyla* v. *Industrial Acc. Com.*, 130 Cal. App. 139 [19 Pac. (2d) 799].) ■ Petitioners concede the force of this rule but they claim it is not applicable to the present case for the reason that the commission was destitute of power and without jurisdiction to make any award in favor of the widow of the employee by reason of its former decision that the injury was not compensable. In other words, it is claimed that the prior award is *res judicata*. There is no merit in the claim. Under the statute the commission has continuing jurisdiction within the time limited to rescind, alter or amend its decisions or awards. The doctrine of *res judicata* under such circumstances cannot be applied. (*Bartlett Hayward Co.* v. *Industrial Acc. Com.*, 203 Cal. 522 [265 Pac. 195].)

The award is affirmed.

Knight, J., and Cashin, J., concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 25, 1935.

Thompson, J., voted for a hearing.