[Civ. No. 10173.   Second Appellate District, Division Two.—September 19, 1935.]

CHARLES PRICE, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION et al., Respondents.

Joseph L. Fainer, R. E. Parsons and Louise A. Steele for Petitioner.

Everett A. Corten, Emmet J. Seawell, Willis I. Morrison, Herlihy & Herlihy, F. B. McConnell, Richard L. Oliver, C. W. Stopp, James E. Minds, C. W. Bowers and E. Herbert Herlihy for Respondents.

FRICKE, J., *pro tem.*—Petitioner was employed by the Empire China Company in a branch of its operations which subjected him to the dust of burnt clay and other vitrified products coming from machines not properly safeguarded against and disseminating such dust, and was also exposed, unnecessarily, to water upon the floor, at times ankle deep, draughts of cold air and silicate dust raised by sweeping. After several years of employment and beginning early in 1927, petitioner developed a cough. This condition progressed and he developed a tiredness and weakness which, toward the end of his employment, required him to lie down upon arriving home from his work. Petitioner's employment terminated when his employer ceased business on about November 22, 1933. He did not consider his condition sufficiently serious to require medical attention until February, 1934, when he consulted a physician who advised him that he had a slight inflammation of the lungs from which he would soon recover. The following month petitioner was injured in an automobile accident, and his attending physician, in addition to some traumatic injuries, found a tubercular condition. On May 16, 1934, an X-ray examination disclosed advanced pulmonary tuberculosis and that some of the lesions resembled silicosis, a disease due to silicate dust, the latter diagnosis being later confirmed by attending physicians and not disputed by respondents. This diagnosis and the fact that he had silicosis first became known to petitioner on May 30, 1934. On June 22, 1934, he filed with the Industrial

Accident Commission his application for compensation. After taking testimony of petitioner and his wife and certain other evidence, the referee of the commission gave notice to the parties hereto that the case would be submitted for decision on the issues of statute of limitations and prejudice from lack of notice to the employer, and thereafter made findings that ''By the exercise of reasonable care and diligence petitioner should have disclosed the character of his condition prior to the date of final termination of work and that he failed to give notice of the injury to his employer within thirty days, and the employer was prejudiced in the investigation and defense of the claim.'' On the basis of the finding and conclusion that the claim was barred by the statute the case was dismissed. Petitioner then applied for a rehearing, which was denied.

The statutory limitation of six months, relied upon by respondents, begins to run with ''the date of injury'' (sec. 11, Workmen's Compensation Act), and in cases of the character here before us the date of injury is not the date of the last or of any particular exposure to the dust but ''the time when the accumulated effects culminate in a disability traceable to the latent disease as the primary cause, and by the exercise of reasonable care and diligence it is discoverable and apparent that a compensable injury was sustained in performance of the duties of the employment''. (*Marsh* v. *Industrial Acc. Com.*, 217 Cal. 338, 351 [18 Pac. (2d) 933, 86 A. L. R. 563].)

In the latter case the court disapproved the holding of the commission that the statute of limitations began to run as of the date the employee first was disabled from work, and indicates that in cases of this type the running of the prescription period begins when the presence of silicosis was or should have been diagnosed as the primary and efficient cause of the injury. It appears quite obvious from the evidence that petitioner, from the inception of his cough until he received the X-ray report on May 30, 1934, had no idea or reason to believe that he was suffering from a compensable injury, silicosis, arising out of and incurred in the course of his employment. Even his visit to a physician in February of 1934 disclosed nothing further than the given diagnosis of a slight inflammation of the lungs from which a speedy recovery was assured.

■ An employee is not to be deprived of compensation because he incorrectly diagnoses his condition. (*Winthrop* v. *Industrial Acc. Com.*, 213 Cal. 351 [2 Pac. (2d) 142] ; *Singer* v. *Industrial Acc. Com.*, 105 Cal. App. 374 [287 Pac. 567]), and, as it now concedes, the Industrial Accident Commission herein erred in its finding that the petitioner should have discovered the character of his condition prior to the date of his final termination of work. Such finding is without support · in the evidence. ■ It is wholly unreasonable to argue, as to the respondent insurance carriers, that the employee should, through the exercise of reasonable care and diligence, have known in November of 1933 that which his medical adviser did not discover in February of 1934. It is argued that the finding finds support in a portion of petitioner's application for compensation which is capable of being construed as a declaration that "on condition first discovered about November, 1933", he "sustained injury arising out of and in the course of the employment as follows: silicosis caused by getting dust from china in lungs". It suffices to answer that while it is obvious that petitioner was aware of his "condition" of coughing and weakness in November, 1933, the "injury", silicosis, was not discovered until practically six months later. Respondent insurance carriers rely upon a six months' period of limitation, a contention which would raise the bar if the date of injury was prior to December 22, 1933. The statement "about November, 1933", is broad enough to include the entire month of December, and cannot be tortured into an admission that the injury occurred prior to the 22d of that month.

No point is made that the employer suffered any prejudice from lack of earlier notice, and we find no basis for such a finding in the record.

It is ordered that the award of the Industrial Accident Commission dismissing the claim of petitioner be set aside and that said commission proceed with a determination of said claim in accordance with the views herein expressed.

Crail, P. J., and Wood, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 18, 1935.