[S. F. No. 15964. In Bank.—April 19, 1938.]

S. H. (SAMUEL HENRY) COWELL, Petitioner, v. THE
INDUSTRIAL ACCIDENT COMMISSION, JOSEPH-
INE FIMBY et al., Respondents.

[S. F. No. 15965. In Bank.—April 19, 1938.]

I. M. (ISABELLA M.) COWELL, Petitioner, v. THE IN-
DUSTRIAL ACCIDENT COMMISSION, JOSEPHINE
FIMBY et al., Respondents.

George C. Faulkner, Henry G. Sanford and Faulkner, Doyle & Sanford for Petitioners.

Everett A. Corten for Respondents.

SEAWELL, J.—These two proceedings in *certiorari,* Nos. S. F. 15964 and S. F. 15965, were instituted by petitioners S. H. (Samuel Henry) Cowell and I. M. (Isabella M.) Cowell, respectively, to secure the annulment of findings and award made by the Industrial Accident Commission, imposing liability upon the Henry Cowell Lime and Cement Company, a corporation, and upon petitioners, as employers on May 15, 1934, of Samuel Fimby, a laborer who was injured while working upon the ''Carey Ranch'' at Davis, California. The

contention of petitioners is that they were not the employers of said laborer, but that the corporation alone was his employer.

The Henry Cowell Lime and Cement Company, a corporation, is extensively engaged in the manufacture of lime and cement. Its principal plant is located at Santa Cruz, California. It has business offices in several of the principal cities of the state. The business of the manufacture of cement and lime has no kindred relation to the management or business of conducting the stock farm and ranch located at Davis, California. The plant of the corporation and business conducted in the manufacture and sale of lime and cement are situate in different counties and widely separated by distance from the Davis stock farm and ranch. It does not appear that as a business enterprise either was in any way related to or interdependent upon the other. Ordinarily no natural relation exists between the manufacture of lime and cement and the business of raising stock or conducting a farm.

Samuel Fimby was hired by the foreman of the ranch at Davis for a period of about three weeks to drive the team on the hayrake. On the evening of May 15, 1934, the second day of his employment, he was knocked down when one of the horses took fright as he was unhooking the team. He sustained a broken leg and minor lacerations. The leg injury caused a continuing disability, correction of which was attempted by surgical operation on August 18, 1936. He passed away during the operation. Three dependents survived him, his widow and minor sons, aged four and two years.

The foreman of the ranch immediately reported the injury to the Cowell corporation at San Francisco, and shortly after the injury the employee filed an application with the Industrial Accident Commission for adjustment of his claim to compensation. In this application he named the corporation as his employer. It appears that the ranch was operated by the corporation but it was owned jointly by Henry and Isabella Cowell (these petitioners), and by the estate of their deceased sister, Helen E. Cowell, which estate was then in course of probate. Petitioners, the estate, and one W. H. George, were the principal stockholders, in respective minority interests, of the corporation. Henry Cowell was also

president of the corporation. W. H. George was its secretary. The corporation held a certificate of self-insurance. Petitioners, as individuals, were uninsured.

When the application for compensation first came on for hearing before the commission, W. H. George offered to stipulate that petitioners were the employers, and the commission thereupon ordered that they be joined as defendants in the proceeding. The proffered stipulation, however, was never accepted, and at a later hearing W. H. George moved, on behalf of petitioners, that it be withdrawn. He then further offered to stipulate that the corporation was the employer, and would assume liability. This latter stipulation was accepted by the employee's counsel. It was followed by the entry, on February 28, 1935, and on July 31, 1936, of findings and amended findings, which discharged petitioners but held the corporation liable as employer, and ordered payment to the employee over an indefinite period of temporary total disability benefits, and of medical expense. These payments were made by the corporation up to the death of the employee on August 18, 1936.

On September 3, 1936, Mrs. Josephine Fimby, the widow of the deceased, filed with the commission an application for death benefit, wherein she named the corporation as decedent's employer. On September 28, 1936, the two minor sons of decedent, by their attorney, also filed an application for death benefit, but this application named as employer only petitioners Henry and Isabella Cowell, and not the corporation. The two applications came on for hearing on November 5, 1936. The commission ordered that petitioners be joined as parties defendant in the matter of the widow's claim. Later it ordered that the two claims be consolidated, and that the estate of Helen E. Cowell be joined as party defendant therein. The hearing of the consolidated proceeding resulted in the entry on April 22, 1937, of findings and award in favor of the three applicants and against both the corporation and petitioners Henry and Isabella Cowell, no mention being made of the estate of Helen E. Cowell. A petition for rehearing by the commission was denied.

Henry and Isabella Cowell thereafter instituted the two present respective separate proceedings for *certiorari*. They urge three main contentions: (1) That the evidence failed to support the finding that decedent was their employee;

(2) That the award against them violates the principles of *res judicata*, estoppel, and law of the case; and (3) That the award is unreasonable.

█ The first contention cannot be sustained. The evidence established conclusively that petitioners, as well as the corporation, were employers of decedent. The ranch was owned jointly by petitioners and estate of Helen E. Cowell. As an accommodation to these joint owners, it was operated for them by the corporation. The corporation had the entire charge of the ranch. It kept a separate accounting of all ranch transactions. It sent checks to cover the ranch payroll. It sold all produce and cattle from the ranch in its own name. It made all purchases for ranch needs. It received no payment from the joint owners for these services. It paid over to the joint owners, the net profit realized from its management of the property. These facts were shown by the testimony of W. H. George and by the records of the corporation. They were uncontradicted. Mr. George testified directly that the corporation "operated the ranch as an accommodation for I. M. and S. H. Cowell", and that it did not participate in the profits. In short, the evidence showed without conflict that the corporation operated the ranch as agent of the joint owners thereof. Under such circumstances, the commission properly held both the agent and its principals liable as employers for benefits due under the compensation act. (Act 4749, Deering's Gen. Laws, vol. 2, p. 2272.) (*Zurich General etc. Co.* v. *Division, etc.*, 99 Cal. App. 767 [279 Pac. 473]; *Arbogast* v. *Richardson*, 119 Cal. App. 316 [6 Pac. (2d) 98]; Schneider on Workmen's Compensation Law, vol. 1, 2d ed., sec. 22, p. 204.)

Petitioners' argument is directed to the point that neither the fact that they were joint owners of the ranch property, nor the fact that they were minority stockholders of the corporation, conferred jurisdiction upon the commission to hold them as employers of those hired by the corporation to work on the ranch. And in this connection, petitioner Isabella Cowell contends that her case is even stronger than that of petitioner Henry Cowell, in that the evidence shows that she took no active part whatsoever in the operation or management of the ranch, whereas Henry Cowell had been president of the corporation for some twelve years, and admittedly in that capacity, if not as an individual, he had had a hand

in the hiring of the ranch foreman, and in the direction of the ranch affairs. These additional facts are really immaterial, as petitioners were not found to be employers solely because they owned the ranch property, or because they were stockholders of the corporation, or on the theory that the corporation was their *alter ego,* or on any theory of ''unity of interest''. It may be conceded that if the evidence had shown no more than that petitioners owned the property, and had leased or loaned it to the corporation for ranch purposes, said ownership of the property constituting petitioners' only connection with or relation to the injured laborer, then the evidence would not have supported a finding that petitioners were employers. Neither would the evidence have justified such a finding if it had shown merely that petitioners. owned stock of the corporation which was operating the ranch, said ownership of stock and of property constituting petitioners' sole connection with or relation to the injured laborer. The evidence here, however, showed a further direct connection between petitioners and the hiring of the injured employee. It showed that in fact petitioners not only owned the ranch property, but they also owned the ranch as a whole, operated it for profit, and employed the labor thereon by and through their agent, the corporation. The additional circumstance that petitioners were at the same time stockholders of their corporate agent has no particular significance. The essential facts are these: The corporation did not conduct the ranch for its own gain. It did not intermingle the ranch affairs and funds with its corporate affairs and funds. It did not share in the ranch profit. It managed the ranch without compensation as an accommodation to the owners, and it paid the profits of the enterprise direct to petitioners. These facts established between petitioners and the injured employee the usual relation which exists where an undisclosed principal has employed help through his duly authorized agent. In such case both the undisclosed principal and the agent are employers. (*Zurich General etc. Co.* v. *Division, etc., supra.*)

The second contention of petitioners, urging application of the doctrines of *res judicata,* estoppel, or law of the case, is likewise without merit. It is true that the original findings and award made on February 28, 1935, dismissed and discharged petitioners; that thereafter a petition filed

by the corporation for rehearing before the commission, and an application to the District Court of Appeal for writ of review, were both denied; that the further award of July 31, 1936, made during the lifetime of the employee, also discharged petitioners; that no petition was filed thereafter by the employee to reopen the proceeding for good cause, or to alter, amend, or rescind the findings and award; and that the later applications of the widow and children were filed as new and separate claims. The several proceedings, however, —those during the life of the employee and those had after his death—were all a part of the one cause of action arising from the compensable injury suffered by the employee.

The findings and awards made in favor of the employee were predicated upon his acceptance of the stipulation that the corporation was his employer and had assumed liability. At the hearings had prior to his death, the issue of whether petitioners as well as the corporation were employers, was dropped. So far as the present record shows, the issue was not raised thereafter by the corporation either by its petition for rehearing, or by its application for writ of review. Therefore the denial of writ of review did not establish the law of the case on the question. Neither were the findings and awards made during the life of the employee *res judicata* upon the subject of petitioners' status. This is so because the applications for death benefit made by the widow and children were filed well within the period during which the commission had continuing jurisdiction of the cause, to take further evidence or, upon due showing, to rescind, alter or amend prior findings and awards. The commission committed no impropriety and no act in excess of jurisdiction in entertaining the applications of the dependents, in rehearing the issues, and in rendering altered findings. To such procedure the doctrines of *res judicata,* and estoppel, are inapplicable. This is well settled. (*Great W. P. Co.* v. *Industrial Acc. Com.,* 196 Cal. 593 [238 Pac. 662]; *Bartlett Hayward Co.* v. *Industrial Acc. Com.,* 203 Cal. 522 [265 Pac. 195]; *Winthrop* v. *Industrial Acc. Com.,* 220 Cal. 114 [29 Pac. (2d) 850]; *Market St. Ry. Co.* v. *Industrial Acc. Com.,* 6 Cal. (2d) 344 [57 Pac. (2d) 499]; *Employers' Liability etc. Co.* v. *Industrial Acc. Com.,* 7 Cal. App. (2d) 190 [45 Pac. (2d) 371].)

■ Petitioners were not injured by the failure of the commission to order that the corporation be joined as a party defendant in the matter of the minors' claim—an obvious oversight as the orders made by the commission plainly evidence its intention to consolidate the claims and to join all parties, i. e., petitioners, estate, and corporation, as defendants in the consolidated proceeding. The corporation, the only party which could have been injured by the omission, has never complained, but, on the contrary, it has hastened at every step of proceedings to assume liability, and to pay sums awarded as they fell due. This point can afford petitioners no relief.

■ The last contention of petitioners is that the award is unreasonable in at least two respects. First, petitioners complain that it fails to adjudicate the claim of the dependents against the estate of Helen E. Cowell, thereby depriving petitioners of their right of contribution from said estate. It will be noted that the commission, after joining the estate as a party defendant, neither discharged it, held it liable, nor mentioned it in the findings. The evidence showed the position of the estate to be identical with that of petitioners, and for that reason it should have been held as an employer. Petitioners, having a right of contribution from the estate, were entitled to complain of this error. (*Hartford Acc. & Ind. Co.* v. *Industrial Acc. Com.*, 8 Cal. (2d) 589 [67 Pac. (2d) 105].) However, they failed to raise the question in their application for rehearing before the commission, and therefore they are precluded from now urging it in these *certiorari* proceedings. (Sec. 64c, Compensation Act, *supra; County of Los Angeles* v. *Industrial Acc. Com.*, 109 Cal. App. 724 [293 Pac. 820]; *Great Western Power Co.* v. *Industrial Acc. Com., supra.*) The petition for rehearing did contain a general allegation that "the award is unreasonable", but the argument in support of that allegation was not directed to the failure of the commission to find for or against the estate. The requirement of section 64c, *supra,* is that an application for rehearing shall set forth "in full detail" the grounds upon which an applicant considers an award unjust, and "every issue to be considered", and that the applicant "shall be deemed to have finally waived all objections, irregularities and illegalities concerning the matter" not set forth in his

180

application. By virtue of this provision petitioners must be deemed to have waived the contention.

 The other respect in which petitioners contend that the award is unreasonable is that they claim it subjects them, as uninsured employers, to a possible civil action and imposition of penalties (sec. 29b of the act, *supra*)—and this despite the fact that the award is actually being paid, and the requirements of the act were substantially satisfied because payment of compensation to ranch labor was secured by the corporation's certificate of self-insurance. This situation, of course, affords no sound basis for annulment of the findings and award. Indeed, it would have been more satisfactory for the determination of the dependents' rights had a copy of the corporation's application for self-insurance, and the certificate issued thereon, been made parts of the record. These documents would, or should, show definitely the business which the corporation was authorized to conduct by virtue of its self-insurance certificate. However, in our view we do not deem it necessary to remand the cause for the above omission.

The award is affirmed.

Shenk, J., Curtis, J., Langdon, J., Edmonds, J., and Waste, C. J., concurred.