[Sac. No. 5226.  In Bank.—September 2, 1938.]

OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, EUGENE SZANIK et al., Respondents.

Redman, Alexander & Bacon and R. P. Wisecarver for Petitioner.

Everett A. Corten and Eldon B. Spofford, for Respondents.

EDMONDS, J.—In this proceeding, a decision of the Industrial Accident Commission by which disability indemnity was awarded to an employee of C. W. Caletti, doing business as C. W. Caletti & Company, is challenged by the petitioner, which the commission found was the employer's insurance carrier at the time the compensable injury was received. The record of the proceedings resulting in the decision and award are before this court in response to a writ of review.

The facts concerning the controversy are not disputed. It appears that in 1935 Eugene Szanik was working as a bridge-builder for Mr. Caletti. He received an injury to his arm for which his employer provided no medical attention. Thereafter he was unable to work and the employer termi-

nated his services. He procured medical treatment and did nothing for a number of months. More than six months after the injury he filed a claim before the Industrial Accident Commission against C. W. Caletti & Company. The employer was given notice of this claim but paid no attention to it. Later the commission held a hearing, at which the applicant appeared in person without counsel and introduced evidence. Following this hearing, after notice of intention to issue an award had been served upon the parties, the commission made a decision and award against C. W. Caletti & Company in favor of Szanik for a total amount of $1240.84.

Four months after the award was made the employer filed with the commission an application for its modification to include the insurance carrier. This application, filed on February 9, 1937, recited that eight days earlier Szanik had procured a judgment and execution upon the award of the commission in the Superior Court of Mendocino County, and that execution had been levied upon the employer's bank account. It also alleged that at the time the employee was injured C. W. Caletti & Company had a policy of workmen's compensation insurance issued by the petitioner, and that if the injury to Szanik is compensable the insurance carrier is liable therefor. The application expressly stated that from time to time the respondent employer received notices of the proceedings before the Industrial Accident Commission and a copy of the award, but that he did not refer the matter to an attorney nor make any inquiry concerning the case because he assumed the insurance carrier was attending to it. The employer asked that the commission make an order rescinding the award and staying execution of the judgment. Upon the filing of this petition and an undertaking the commission ordered execution stayed pending a final determination of the matter.

Szanik by written answer to his employer's application objected to any modification or rescission of the award other than an amendment as of its date to add the petitioner as an additional defendant. The petitioner by answer alleged that it had received no notice of injury to the employee and "that the employer had not acted with due or any diligence and had been negligent in the premises; that the commission was without jurisdiction to entertain such application; that it further appeared on the face of the record that the

statute of limitations had barred any recovery against said carrier; and that the application should be dismissed to prevent a multiplicity of actions and because said carrier had not been given an opportunity to defend said claim or minimize damages by supplying proper medical attention". Upon a hearing of the application the commission ordered the insurance carrier joined as a party defendant and further hearings were had. Thereafter it made an order that the findings and award be amended to provide that at the time of the injury complained of the petitioner was the compensation insurance carrier of C. W. Caletti & Company and all parties were then subject to the provisions of the Workmen's Compensation Act. The commission also found that the employer is not "presently entitled to be relieved from liability" but that if and when the award becomes final, "the employer may petition to be discharged from liability".

The first point made by the petitioner is that the commission has no jurisdiction to reopen a final award of compensation against an employer after the period for rehearing has expired and to substitute the insurance carrier where the application therefor is made by the employer upon the ground that it negligently failed to respond to various notices concerning the pendency of the proceedings. The insurer contends that although the commission may alter or amend any order or decision or award made by it within 245 weeks from the date of an injury, this right may only be exercised "upon good cause appearing therefor" (Workmen's Compensation Act, Stats. 1917, p. 850, sec. 20d; now sec. 5803, Labor Code); that its continuing jurisdiction is expressly limited by the statute and may only be exercised when the challenged award is inequitable.

The record shows without question that the employee's right to compensation was barred at the time he filed his claim and that the insurer had no notice of the injury or of any step in the proceedings. When the employer filed his application for a modification of the award the injured man had procured a judgment for the amount which the commission awarded to him. There is no contention that the employee was not fully secured by the levy of execution upon this judgment; indeed, he would undoubtedly have received the amount of the award in full if the commission had not

granted the employer's application to bring the petitioner into the proceedings. This is, therefore, not a case where an employee is seeking the means to collect an award made in his favor. On the contrary, he resisted the employer's application for modification of the award, taking the position that it should be denied and the order staying execution vacated. The employee contends that the controversy between the insurer and his employer "is not a matter of proper concern to this applicant".

Although the commission may alter or amend an award which has become final, its right so to do is limited to those cases where good cause appears therefor. Good cause, it has been held, depends largely upon the particular circumstances of each case. (*Bartlett Hayward Co.* v. *Industrial Acc. Com.*, 203 Cal. 522 [265 Pac. 195].) But this court has also said that "the existence of some fact or circumstance which warrants the conclusion that the challenged award is inequitable is a necessary element to the exercise of the continuing jurisdiction of the commission". (*Merritt-Chapman & Scott Corp.* v. *Industrial Acc. Com.*, 6 Cal. (2d) 314 [57 Pac. (2d) 501].) No such facts are shown in the present case. All of the equities are in favor of the insurer who had no notice of the injury or of the application for compensation until long after the award became final. If an employer who knows his employee has been injured and is seeking compensation chooses to disregard the proceeding and allows an award against him to become final, he has no equitable ground for then charging his insurance carrier with liability therefor, particularly where the injured person's claim was barred by the statute at the time his application for compensation was filed.

The commission seeks to justify its action under section 30 of the Workmen's Compensation Act, *supra,* now sections 11651 et seq., Insurance Code. This statute requires a provision in every contract insuring against liability for compensation that "as between the employee and the insurance carrier, the notice to or knowledge of the occurrence of the injury on the part of the employer shall be deemed notice or knowledge, as the case may be, on the part of the insurance carrier; that jurisdiction of the employer shall, for the purpose of this act, be jurisdiction of the insurance carrier; and that

the insurance carrier shall in all things be bound by and subject to the orders, findings, decisions or awards rendered against the employer under the provisions of this act, to the extent provided in and subject to the provisions, conditions and limitations of the policy". But the employee is not attempting to assert any claim against the insurer in the present proceeding. He is satisfied with the award rendered against his employer and the judgment thereafter obtained upon it. The Industrial Accident Commission under the circumstances shown in this case had no jurisdiction to amend the award; therefore, the provisions of the Workmen's Compensation Act which are relied upon have no application.

The order of the Industrial Accident Commission dated November 8, 1937, is annulled.

Waste, C. J., Curtis, J., Shenk, J., Seawell, J., and Langdon, J., concurred.

Houser, J., dissented.