[Civ. No. 16097. Second Dist., Div. One. Dec. 5, 1947.]

CHARLES T. MARTIN, Petitioner, v. INDUSTRIAL AC-
CIDENT COMMISSION and PACIFIC INDEMNITY
COMPANY (a Corporation), Respondents.

Byron R. Bentley for Petitioner.

R. C. McKellips, John A. Rowe, Jr., and Herlihy & Herlihy for Respondents.

WHITE, J.—Petitioner herein, the applicant before the Industrial Accident Commission, seeks annulment of an order of the commission which, among other things, denied approval of a compromise agreement entered into between petitioner and respondent insurance carrier upon the sole ground that such agreement was "not properly executed in accordance with the provisions of section 5003 of the Labor Code of the State of California."

Petitioner sustained an injury in the course of his employment on August 27, 1945, resulting in temporary total disability, and on December 5, 1945, respondent commission entered its award in his favor for the sum of $30 per week, to continue during his disability or until further order of the commission. On October 17, 1946, respondent carrier filed a petition under section 4056 of the Labor Code seeking to have its liability terminated so far as the applicant's disability was affected by his alleged unreasonable refusal to submit to

certain medical treatment. This petition was denied. Thereafter, on or about November 12, 1946, petitioner and respondent carrier pursuant to the provisions of sections 5000 to 5004 of the Labor Code, entered into a written compromise agreement which provided for the payment of a lump sum of $4,500 (including an attorney's fee of $500). Upon filing of the executed agreement with the commission a date was set for hearing "on adequacy of compromise and release and attorney fees." At this hearing, on January 20, 1947, respondent carrier again sought to have its liability terminated, and through its agent stated that it desired to withdraw from the compromise. The matter was continued to April 3, 1947, at which time the carrier raised the issue that the agreement was not properly executed. The issues before the referee at this hearing were stated to be as follows:

"1. Adequacy of Compromise and Release.

"2. Amount of Attorney's fee.

"3. Extent of disability.

"4. Whether the defendant has the right to withdraw from the Compromise and Release filed November 19, 1946.

"5. Whether the execution of the instrument, the Compromise and Release, is insufficient, in that it was not executed in accordance with the Statute.

"6. Estoppel of the defendant to raise above issue since the Compromise and Release was prepared by them and filed by them."

Upon this hearing evidence was adduced as to the extent and nature of petitioner's disability and also as to the manner of execution of the agreement. Pursuant to report of the referee, the commission, on May 5, 1947, entered its "Order Denying Defendant's Petition to Terminate and Order Amending Findings and Award." By this order the carrier's petition to terminate liability was denied; the commission found, in accordance with its earlier findings, that petitioner's injury caused temporary total disability; that such temporary total disability terminated January 26, 1947; and reserved jurisdiction "to rate for permanent disability where the condition becomes permanent and stationary. . . ." It was further found that: "4. Compromise and Release filed herein November 19, 1946, is not properly executed in accordance with the provisions of Section 5003 of the Labor Code . . .," and by its award the commission held: "Pursuant to Finding No. 4, the parties' request for approval of

the Compromise and Release filed herein November 19, 1946, is hereby denied."

From the foregoing it will be seen that although the issues at the hearing included the questions of adequacy of the compromise, the right of the carrier to withdraw from the compromise, whether the compromise was properly executed, and whether the carrier was estopped to raise the issue of proper execution, the commission by its order, findings and award based its disapproval of the compromise upon the sole ground that it was not executed in accordance with the provisions of section 5003 of the Labor Code. In fact, in the "Report of Referee" the following language appears: "Upon a review of the file it becomes unnecessary to pass upon the adequacy of the compromise and release, the amount of the attorney fee, or whether or not the defendant has the right to withdraw from the compromise and release, for the reason that the execution of the compromise and release itself is not in accordance with the provisions of Section 5003 of the Labor Code." And as hereinbefore noted, the award of the commission was specifically made pursuant to Finding Number 4, which concerned only the validity of the execution of the compromise and release. The order here under review contains no findings as to the adequacy of the compromise, the right of the carrier to withdraw therefrom, or the alleged estoppel of the carrier to raise the issue of due execution.

While ordinarily an order or award will not be annulled if it is supported by any valid ground, a different situation is presented where such order or award is expressly stated to be based upon a particular ground and no findings are made as to other possible grounds which might support such order or award, and where the evidence in relation to such grounds upon which no findings were made, was in substantial conflict. We are not authorized to evaluate the weight of evidence or pass upon the credibility of witnesses, unless it can be held that such evidence is so lacking in substantiality or so inherently improbable as to amount to no evidence at all. In such case the review thereof presents a question of law.

Under the record as presented in this case, we are limited to a consideration of the sole question decided by the commission, viz., was the compromise agreement and release executed in accordance with the provisions of section 5003 of the Labor Code? Unless the decision of the commission

can be sustained by a negative answer to that question, then the award must be annulled and the cause remanded to the commission to make findings upon the foregoing material issues.

Proceeding to a consideration of the execution of the compromise agreement here in question, we find that section 5001 of the Labor Code provides that no release of liability or compromise is valid unless it provides for the payment of full compensation or unless approved by the commission. Section 5002 requires that an executed copy of the agreement shall be filed with the commission, which may, on its own motion or on application of either party, enter an award based thereon. Section 5003 provides that every such agreement ''shall be in writing and duly executed, and the signature of the employee or other beneficiary shall be attested by two disinterested witnesses, or a notary public.'' The agreement here in question was executed by the applicant in the office of his attorney, and his signature was attested by his attorney and the attorney's secretary. After execution by the respondent insurance carrier, the latter caused the agreement to be filed for approval with the commission. It was not until after such filing that the carrier sought to withdraw from the agreement, upon the ground that petitioner's attorney and the attorney's secretary were not ''disinterested witnesses'' within the meaning of section 5003 of the Labor Code.

The first point urged by petitioner, that respondent carrier may not take advantage of the asserted defect in the attestation of his signature as a ground for withdrawal from the agreement, is well taken. ▇▇ Section 5003 of the Labor Code, as it stood prior to its amendment in 1945, required every release or compromise to be ''duly executed, and attested by two disinterested witnesses. . . .'' As amended in 1945, the section provided that such compromise be ''duly executed, and the signature *of the employee or other beneficiary* shall be attested by two disinterested witnesses or a notary public.'' This provision is obviously for the benefit and protection of the injured employee. Its purpose was fully accomplished when the employee, at the hearing, stated that he desired to go through with the agreement. Whatever technical defect might be said to exist in the attestation of the agreement could have been readily cured. In addition, it appears that petitioner's attorney was a notary public, and as such could have cured the defect by affixing his certificate

and seal. Counsel for respondent commission state in their answer to the petition for writ of review:

". . . it is hereby conceded that Mr. Bentley, petitioner's attorney who was one of two witnesses who attested the signature of Mr. Martin, the petitioner, has by affidavit shown himself to have been at that time a notary public. Also, it is conceded that, although the $500 attorney fee provided in the agreement made him an interested witness, still his attestation since he was a notary public, is sufficient compliance with the statute. In addition we make no point of the omission of the attestation clause reciting the fact that Mr. Bentley attested the signature as a notary."

Respondent insurance carrier, however, urges that because petitioner did not produce evidence that his attorney, who "witnessed" his signature to the compromise and release agreement, was a notary public, or have a certificate of acknowledgment affixed to the instrument, until he filed his petition for rehearing, the commission properly rejected and ignored such evidence presented for the first time in a petition for rehearing. Respondent insurance carrier bases this claim upon the ground that there was no showing as to why, had reasonable diligence been exercised, such evidence could not have been sooner produced. ■ However, we are constrained to hold that under the facts here present the commission was authorized, on a petition for rehearing, to amend its findings and award when the circumstance that petitioner's attorney was in fact a notary public was unknown to the commission at the time of the original award, and where the existence of such circumstances, unknown to the commission at the time of the award, would render such original award inequitable. (*Pullman Co.* v. *Industrial Acc. Com.*, 28 Cal.2d 379, 388 [170 P.2d 10] ; *Colonial etc Ins. Co.* v. *Industrial Acc. Com.*, 47 Cal.App.2d 487, 490 [118 P.2d 361].) ■ In view of the broad powers and continuing jurisdiction of the commission, we find ourselves in accord with the foregoing concession of respondent commission that the omission of the attestation clause reciting the fact that petitioner's attorney attested the signature in his capacity as a notary public, did not constitute a fatal defect in the execution of the agreement and release under the provisions of section 5003 of the Labor Code.

Respondent commission, however, argues that the order under review should be affirmed because (a) there was suf-

ficient proof that the parties executed the agreement under a mutual mistake as to the extent and existence of disability, and (b) that the evidence before the commission would support an order reopening and annulling an order of approval had such order of approval been made. It may be conceded that evidence was presented which would support a finding of mistake, and also evidence that petitioner at the time of the hearing was gainfully employed. It is also pointed out that in his petition for rehearing before the commission and in his petition to this court, petitioner made no objection to that part of the order which terminated liability for temporary total disability as of January 26, 1947, but based his petitions solely on the ground that the agreement was properly executed and should have been approved by the commission.

■ There can be no doubt as to the broad powers of the commission to alter, amend or rescind its awards for good cause, and such power is properly exercised in behalf of the employer or insurance carrier, as well as the employee. (*Bartlett Hayward Co.* v. *Industrial Acc. Com.*, 203 Cal. 522, 532, 540 [265 P. 195]; *Ocean A. & G. Corp.* v. *Industrial Acc. Com.*, 12 Cal.2d 116, 120 [82 P.2d 603].) ■ It is within the powers of the commission to withhold approval of an agreement, or to amend or vacate an award based thereon, when the equities of the case require it. (*Silva* v. *Industrial Acc. Com.*, 68 Cal.App. 510, 516 [229 P. 870].) ■ In the present cause, however, as heretofore pointed out, we are confronted with the fact that the order or award expressly assigns as the ground for denying approval the asserted improper execution of the agreement which holding we find to be erroneous, and no other ground upon which such disapproval might be based appears in the findings. There is no finding that the agreement was the result of mistake or that it is inequitable.

The award is annulled and the cause remanded to respondent commission for further proceedings in accordance with the views herein expressed.

York, P. J., and Doran, J., concurred.