[Civ. No. 5641. Second Appellate District, Division One.—December 7, 1927.]

GEORGIA CASUALTY COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and WHI RIM LEE et al., Respondents.

Elber H. Tilson and Joe Crider, Jr., for Petitioner.

G. C. Faulkner for Respondents.

YORK, J.—On writ of review of a finding and award by the Industrial Accident Commission rendered in favor of Whi Rim Lee, Duck Wha Lee, and Chan Hi Lee, applicants, of a death benefit and burial expenses in the total sum of $1,745.25, on account of the death of an employee named Yili Soo Lee, and dismissing the employer from the proceeding and discharging him from liability therein.

The first objection of petitioners herein is based upon the fact that the death of the employee Yili Soo Lee was not directly caused by the incision of the left thumb which severed a tendon, which incision was received in the course of employment, but was caused solely by reason of the administration of a general anesthetic, which the doctors testified was necessarily administered to cause a relaxation of the tendon so that the same might be properly stitched together, the undisputed evidence in the case showing that the death of the employee was caused by such anesthetic by reason of some persistence of a gland in the neck, a gland which is usually present only in infants; a very rare condition to exist in a person of his age, and which condition could not have been discovered before death, and being such a condition as would make the administration of the general anesthetic necessarily fatal. The general anesthetic used was nitrous oxide gas, considered to be the safest general anesthetic. The evidence shows further that the employer and employee consulted the Georgia Casualty Company officials at Los Angeles, and were instructed by their agents and employees to have the employee undergo the treatment at the hands of such surgeons and at the time and place of such treatment, which said treatment resulted in his death. There is no evidence that the administration of the anesthetic could reasonably have been avoided. Under the circumstances as shown, it appears that the original injury was a continuing operative cause of the employee's death, and that the administra-

tion of the anesthetic was not an independent and separately operating cause of his death.

█ The application for compensation was filed in the names of the four applicants "by their attorney-in-fact, D. Chung." The petitioner alleges that the Commission was without jurisdiction over the matter in controversy in this, that no application for compensation was filed "by any party in interest, his attorney, or other representative authorized in writing," as required by section 17 (a) of the Workmen's Compensation Insurance and Safety Act of 1917 as amended (Stats. 1919, p. 918). That section provides, in the phraseology last above quoted, for the filing of the application in writing for an award of compensation in the cases covered by the statute. Among other things, it further provides that "there shall be but one cause of action for each transaction coming within the provisions of this act."

"When a claim for any portion of the benefits prescribed by the act has reached the point where it is necessary or expedient to submit the matter to the decision of the Industrial Accident Commission, the whole subject matter of the controversy, including the further claims of the applicant, *or of any and all other persons,* should be thereby submitted to the jurisdiction of the commission for a complete determination, provided, of course, that all claims relating to the transaction be presented within the life of the continuing jurisdiction of the commission." (*Great W. P. Co.* v. *Industrial Acc. Com.,* 196 Cal. 593, 603 [238 Pac. 662].)

Section 60 (a) of the act provides for a very liberal plan of procedure in matters before the Commission and declares that "no informality in any proceeding . . . shall invalidate any order, decision, award . . . made, approved or confirmed by the commission."

The evidence produced before the Commission includes a letter written by Mrs. Shin to D. Chung before he filed the application with the Commission, in which letter she refers to her deceased brother and to his dependents (apparently including herself), and to the "industrial accident insurance," and states to Chung that she hopes he will do all he can to bring about the best result.

The Commission treated this letter as written authority to Chung to file the application on behalf of at least one interested party, namely, the sister of the deceased. Respondent Commission contends that the application so made on behalf of the sister was sufficient to bring before the Commission the subject matter of the proceeding, and that under the provisions of the statute it was authorized to consider the rights of the other dependents, inasmuch as it would be necessary to bring them in before a complete determination of the matter could be had. Respondents further contend that, since Mrs. Shin was in good faith claiming to be a dependent of the deceased, the fact that her claim to be such dependent was not allowed does not deprive the Commission of the same jurisdiction over the proceeding, with respect to the other claims, that the Commission would have had if the claim on behalf of Mrs. Shin that she was a dependent of the deceased had been allowed. We are of the opinion that these contentions of respondent are correct.

The award is affirmed.

Conrey, P. J., and Houser, J., concurred.