[Civ. No. 10880.   Second Appellate District, Division Two.—May 19, 1936.]

MAUDE HUBBERT, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION et al., Respondents.

Meserve, Mumper, Hughes & Robertson for Petitioner.

Everett A. Corten for Respondents.

GOULD, J., *pro tem.*—In a proceeding before the Industrial Accident Commission petitioner's claim for a death benefit based upon the death of her husband, Leo H. Hubbert, was denied. By writ of review she seeks to annul the commission's findings and award.

A. O. Miller, doing business as A. O. Miller Company, entered into a written contract to waterproof a concrete vat for the Aztec Brewing Company of San Diego. By the undisputed testimony before the commission Hubbert was employed by Miller, under the latter's control, to supervise the job and assist in the manual labor, at an agreed price of $7 per day plus expenses and plus one-half of the profits. All the positive evidence as to the nature of the relationship between Miller and decedent in so far as the Aztec job was concerned was that Hubbert was an employee. This was not contradicted by any direct evidence. There was a showing, however, that the two men had been engaged in partnership jobs at various times over a period of fifteen years, and that at one time they were associated together as the Angelus Waterproofing Company. The commission concluded that as to the Aztec job Hubbert was not an employee but a partner of Miller. This conclusion is attempted to be sustained on this application upon the argument that the commission could not give full credence to the testimony, on account of the relationship which was shown to exist between the two men, particularly their previous partnership enterprises.

There is, of course, no dispute as to the elementary proposition that the commission is the exclusive judge as to the credibility of the witnesses and the weight of evidence before it, and no finding of fact will be disturbed if there is any substantial evidence to support it. But if there is no evidence to support a finding the proceeding becomes subject to the court's review. (*Market Street Ry. Co.* v. *Indus-*

*trial Acc. Com.,* 193 Cal. 178 [224 Pac. 95].) ██ It has been held that uncontradicted evidence, not inherently improbable, may not be arbitrarily rejected by the courts (*Cowan* v. *Hill,* 109 Cal. App. 656 [293 Pac. 871]), and the Industrial Accident Commission is bound by the same rule, this court having specified that there must be a real and substantial conflict in the evidence to render the findings of the commission immune to inquiry by a reviewing court. (*Gamberg* v. *Industrial Acc. Com.,* 138 Cal. App. 424 [32 Pac. (2d) 413]; *Thoreau* v. *Industrial Acc. Com.,* 120 Cal. App. 67 [7 Pac. (2d) 767].) ██ In the instant case, in the absence of any evidence to the contrary, and with all the direct evidence supporting the claim of petitioner that her deceased husband was an employee of Miller, we are constrained to hold that there is no evidence to support the finding that the deceased was Miller's partner.

██ The commission also concluded that deceased was not protected by the policy of insurance issued by respondent Travelers Insurance Company to cover the Aztec enterprise. The policy ran to Miller and Hubbert as individuals, not naming them as a copartnership. Hence, upon the theory that they were in fact copartners, the commission found that deceased was not protected. Holding as we do, that the commission was in error in its finding that Hubbert was not an employee of Miller, disposes of the contention that the insurance policy does not cover his case. It then follows that the insurance carrier was primarily liable to the employee to pay the compensation for which the employer is liable. And even if, as argued herein, the terms of the policy as to the insurance carrier's liability are indefinite, the Workmen's Compensation Act itself provides that it is a conclusive presumption that the policy contains all the provisions required by the act. (*United States F. & G. Co.* v. *Industrial Acc. Com.,* 195 Cal. 577 [234 Pac. 369].)

██ Moreover, even assuming that deceased had a certain partnership relation with Miller upon the Aztec job, he was at least a "working member" of the partnership, and the Workmen's Compensation Act specifically provides (sec. 8, subd. b) that such working member, receiving wages irrespective of profits (as by the undisputed evidence was deceased's position in this case), "shall be deemed an employee within the meaning of this section".

The decision and award is vacated and annulled and the matter remanded to the commission for further proceedings not inconsistent with the views hereinabove expressed.

Wood, J., and Crail, P. J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 16, 1936.