[S. F. No. 15765. In Bank.—April 13, 1937.]

HARTFORD ACCIDENT & INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, LOUIS MAGGIORA et al., Respondents.

Jesse H. Steinhart and John J. Goldberg for Petitioner.

Everett A. Corten for Respondents.

THOMPSON, J.—This is a proceeding to review an award of the Industrial Accident Commission. The commission

found that Louis Maggiora sustained injury arising out of and occurring in the course of employment by his brother, Vincent Maggiora, as general employer and by John A. Roebling's Sons Company as special employer; that the general employer's compensation carrier was the petitioner, Hartford Accident & Indemnity Company "which received the premium upon the payroll of said employer for the service in the course of performance of which said injury was sustained"; that the special employer's compensation carrier was the State Compensation Insurance Fund and that the injured employee's pay was not included on the special employer's payroll for computation of insurance premium, nor was a premium paid thereon by the special employer to its insurance carrier. The commission therefore assessed the entire compensation liability against the petitioning insurance carrier of the general employer. The award was made against petitioner alone and both employers and the State Compensation Insurance fund were discharged.

Petitioner contends that the findings do not support the award against it, since the evidence does not show any control by the general employer; that, conceding the propriety of the award against the insurance carrier of the general employer, the special employer was also liable for compensation and it was error to discharge its insurance carrier.

Louis Maggiora had been employed by his brother, a cement contractor, since 1923. In July of 1935, the John A. Roebling's Sons Company, which had a construction contract in connection with the Golden Gate bridge, hired a truck and driver from Maggiora for $12 a day, Maggiora to furnish gasoline and oil. It was stipulated that the driver be paid $6 a day as that was the rate established by the bridge district. The applicant did hauling on the job at the direction of employees of Roebling's Sons and, on occasions, worked in their storeroom when he was not needed to drive his truck. Maggiora paid his salary and sent a substitute for him when he was ill for several days and admitted he had authority to discharge him if his work was not satisfactory and that he could have put his brother on another job by sending another driver to work for Roebling's Sons. Before the contract was concluded the superintendent of Roebling's Sons asked Maggiora about his compensation insurance and asked to inspect the policy.

■ The award against the petitioner is proper (*National Auto. Ins. Co.* v. *Industrial Acc. Com.*, 220 Cal. 642 [32 Pac. (2d) 356]) and the discharge of the State Compensation Fund, carrier for the special employer is improper. (*American Motorists Ins. Co.* v. *Industrial Acc. Com.*, number L. A. 15764, this day filed, *ante*, p. 585 [67 Pac. (2d) 103].)

■ There is, however, a question as to whether the petitioner is entitled to object to the erroneous discharge of the insurance carrier for the special employer. While it is obvious that one employer cannot object if the injured employee does not proceed against a second employer who is jointly and severally liable with him, we think the rule should be different where both employers are brought before the commission and the award erroneously discharges one instead of making a joint and several award against both, since the relative rights of the employers may well be affected by a determination that only one of them is responsible for compensation to the employee. The right of contribution between joint obligors depends upon the satisfaction of more than a fair share of the claim against all. The erroneous discharge by award of the commission of an employer who has a joint and several obligation to pay compensation is a determination by a competent tribunal that the obligation is not joint, an issue which was properly before it for determination in a proceeding to which both were parties. Such a determination if not operative as *res judicata* in a subsequent suit between the employers, or their insurers, for contribution or reimbursement according to contract, would at least be competent evidence. (See 1 Freeman on Judgments, p. 922; 15 Cal. Jur. 184.) It is moreover a question within the exclusive jurisdiction of the Industrial Accident Commission and since that tribunal need not rigidly adhere to rules of pleading and practice, the petitioner should be allowed to make the objection.

That portion of the award which discharges the State Compensation Insurance Fund is annulled and the proceeding is remanded to the respondent commission with directions to enter its award in accordance with the views herein expressed.

Curtis, J., Edmonds, J., Langdon, J., Shenk, J., and Seawell, J., concurred.