[Civ. No. 13252.   Second Dist., Div. One.   Oct. 17, 1941.]

ROSETTA SANAN, Appellant, v. VERAL SCHOENBORN et al., Respondents.

R. L. Anderson and V. A. Morgan for Appellant.

Walter E. Smith for Respondents.

DORAN, J.—This is an appeal by plaintiff from a judgment against her in an action to quiet title.

Briefly, the facts are as follows: Plaintiff was the owner of certain described property incumbered with a trust deed which had been executed to secure a note in the sum of $5,000 issued by her in favor of one W. D. Van Nostran. The complaint alleged and plaintiff sought to prove that at the time of the transaction between her and Van Nostran, in connection with which the note and trust deed were executed, they entered into an agreement by the terms of which Van Nostran agreed that in the event of the death of either, the trust deed should become null and void and no further payments thereon would be required. It was also alleged and plaintiff sought to prove that the above-mentioned agreement was in writing.

The evidence of the terms of the alleged agreement consisted of plaintiff's testimony, the testimony of Mr. and Mrs. Stanton, with whom plaintiff had lived, and a portion of the third page of what plaintiff testified was a letter from Van Nostran to her. This last mentioned exhibit was as follows: "Also I confirm our verbal agreement of last week that, in case of either your or my demise, all further payments are canceled and the mortgage released. I owe you that concession.

"Very truly
(Signed) *W. D. Van Nostran.*
W. D. VAN NOSTRAN."

Plaintiff further testified that the remainder of the document had been burned in the incinerator, from which the portion in evidence had been later recovered. The edges, the record reveals, showed evidence of fire.

The court found as a fact that, "It is not true that the said Rosetta Sanan and the said W. D. Van Nostran contracted or agreed in writing or otherwise that in the event of the death of either W. D. Van Nostran or Rosetta Sanan before the note should be fully paid, then and in either event the installment payments subsequently accruing should be cancelled and the obligations to that extent, or to any extent, extinguished, with the right of the trustor named in said trust deed or her successor to have the title to said property reconveyed to her."

Appellant contends that the findings are not supported by the evidence.

Plaintiff testified that the above-mentioned agreement was in writing and countersigned by two witnesses but that she had lost her copy. On the theory that proof of a lost document had been established she was permitted to testify as to its contents. The portion of the burned letter evidently was intended as concrete and visible evidence in corroboration of plaintiff's testimony.

The defendant introduced carbon copies of numerous letters from Van Nostran to plaintiff, a few of which plaintiff on cross-examination remembered, but none of the correspondence between her and Van Nostran had been preserved by her.

It is argued by appellant that the testimony of plaintiff as to the existence and contents of the lost agreement having been corroborated and the same being uncontradicted the court was bound to decide the issue in plaintiff's favor.

Such is not the law. The trial judge may take into account the inherent improbability of a witness' testimony and reject it in its entirety; indeed fantastic tales are frequently so treated. A careful reading of plaintiff's testimony on both direct and cross-examination, coupled with a consideration of other evidence of facts and circumstances reveals appellant's contention unsupported by the record. Such conclusion disposes of the minor issues sought to be raised on appeal and which therefore need no mention.

Judgment affirmed.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 15, 1941. Carter, J., voted for a hearing.