[Civ. No. 13983.   First Dist., Div. Two.   Feb. 15, 1949.]

MELVIN V. DeMARTINI et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, WILLIAM PASQUINELLI et al., Respondents.

Louis F. Di Resta, John J. Crowley and Edward J. Jose for Petitioners.

T. Groezinger, John A. Rowe, Jr., and Henry Sanford for Respondents.

NOURSE, P. J.—Petitioners Melvin V. DeMartini and Lloyd J. DeMartini seek annulment of an award made by respondent Industrial Accident Commission against them in favor of William Pasquinelli, applicant and respondent. Applicant by a separate petition seeks annulment of the same award on the ground that it exonerates the insurance carrier, respondent National Automobile and Casualty Insurance Company.

On March 29, 1947, applicant, while working as a mechanic, suffered an injury on the premises of DeMartini's Richfield Service. The relation in which he was working is in dispute but there is no dispute as to the industrial character of the accident or the extent of the injury. At the time of the accident there was in effect a standard Workmen's Compensation and Employer's Liability Policy issued by respondent National Automobile and Casualty Insurance Company to Melvin DeMartini and Lloyd DeMartini, individuals, jointly and severally, doing business as Lloyd's Richfield Service and DeMartini's Richfield Service, which policy contained a provision excluding from the insurance "any employee who may also be a member of the firm, association, or co-partnership . . . or a working member of the firm, association, or co-partnership receiving wages irrespective of profits from such firm, association, or co-partnership, unless such person is specifically named as covered in the schedule of operations of the Declarations or specifically insured by endorsement attached to this policy." The insurance carrier paid certain compensation and medical expenses of Pasquinelli until on June 30, 1947, it found out from inquiries made by Pasquinelli's counsel that an agreement of copartnership had been signed between Pasquinelli and the DeMartinis on which ground it then denied liability, Pasquinelli not having been specifically insured or named as covered.

On November 25, 1947, Pasquinelli filed an application for adjustment of claim against the National Automobile and Casualty Insurance Company, naming DeMartini's Richfield Service as his employer. On December 18, 1947, by order of the commission, the application and the title of the proceed-

ings were amended to show the defendant employer to be "Melvin V. DeMartini and Lloyd J. DeMartini, individuals, jointly and severally, doing business as Lloyd's Richfield Service and DeMartini's Richfield Service." The DeMartinis appeared as defendants represented by their attorney, although they did not file an answer. The insurance carrier filed an answer denying all allegations of the complaint and affirmatively denied liability because applicant had become a partner with the DeMartinis.

At the hearing three documents were introduced in evidence, to wit:

1. An agreement of copartnership dated February 1, 1947, between Lloyd DeMartini, Melvin DeMartini and William Pasquinelli, in which they agreed to conduct as partners the two service stations including automobile repair until then conducted by the DeMartinis. Among other provisions the agreement provided that the name of the business should be "DeMartini's Richfield Service," that the partnership should commence on the day of the execution of the agreement, that each partner would have a one-third interest in the partnership and its profits as a consideration for which Pasquinelli had contributed $6,500, and the DeMartinis should contribute the existing service station business, that all partners would devote all their time and skill to the partnership and receive therefor a weekly salary to be deemed an expense of the partnership, that as soon as convenient the name of Pasquinelli would be included in the licenses and permits for the business premises and that none of the partners would be entitled to distribution of profits except as considered advisable by the partners.

2. A "note" dated February 1, 1947, by which Pasquinelli promised to pay to Lloyd DeMartini $1,000 as balance due under the partnership agreement, receipt of $5,500 being acknowledged by Lloyd DeMartini.

3. A complaint, verified by Pasquinelli and filed July 19, 1947, in which he alleged in substance an agreement with the DeMartinis for the sale to him of one-third of their business for $5,500 in cash and a note for $1,000 and for the forming of a copartnership, their failure to assign an interest in the business and the lease, licenses and permits belonging to it, causing failure of consideration, a prior rescission by him of which he gave notice in writing with offer of restoration and demand of return of money and note, the failure of the DeMartinis to comply, and, for a second count, false represen-

tations of the DeMartinis as to the high value, profits and sales of the business inducing him to enter into the above agreements, with prayer for recovery of the $5,500, cancellation of the note, and a declaration that the copartnership agreement was rescinded and void.

Applicant testified on his own behalf in part that for his work· as mechanic he was paid by Lloyd DeMartini wages of $60 a week. He signed the copartnership agreement about January 30th and at that time also delivered the promissory note. He had agreed a couple of weeks before to go to work for the DeMartinis but had to give four weeks' notice in his former job and went to work around the 15th of February. At the time of the signing of the agreement he had paid $5,500. It was agreed that before the partnership would be effective the DeMartinis were to get new leases for the property, and to get their books in order and show them to him and he was to be entered on the license and the permits for the business. On the 15th, they had not done these things but they told him to go to work and when these things were settled he would become a partner. He received weekly wages of which deductions were made for social security, unemployment insurance and income tax. He never got a lease with his name on it and never had any voice in the control or management of the business. He was not informed of its income. He asked several times about the lease and the other things the DeMartinis had to do and they always said they were working on them. About two or three weeks before he was hurt he asked for the return of his money. They said they did not have the money to pay it immediately but offered to pay back $100 a month, which he refused. He asked several times more for the money. He never received any share of the profits nor was he asked to pay any portion of a loss. On cross-examination he moreover testified that he paid the $5,500 on the agreement of copartnership, he did not get it back prior to March 29, 1947, and on July 19, 1947, he filed suit for the first time to get it back. Applicant's former attorney, Mr. Graziani, testified that later the complaint was dismissed when the money was returned as part of a settlement. He and Mr. Lane, claims supervisor of the insurance carrier, also gave evidence, partly conflicting, as to their conversation, in which the copartnership agreement was brought to the knowledge of the insurance carrier.

The commission found among other things that applicant was injured while "a working member of the co-partnership" and that the insurance carrier was not liable on its policy. The

award was made against the DeMartinis jointly and severally doing business as Lloyd's Richfield Service and DeMartini's Richfield Service.

Both applicant and the DeMartinis filed separate petitions for rehearing. Applicant's petition was denied, that of the DeMartinis granted. On rehearing the decision remained unchanged except for the addition in the findings that applicant was a working partner "receiving wages irrespective of profits."

In discussing the contentions of petitioners we shall follow the earlier petition of the DeMartinis as the petition of applicant refers to it and does not contain anything that requires separate notice. There is no dispute as to the extent of the award.

■ The main contention is that there is no substantial evidentiary support for the finding that applicant was a working partner rather than an employee and that the evidence shows without conflict that the partnership agreement was not in effect at the time of the injury. The contention is without merit. For it petitioners rely solely on the testimony of Pasquinelli which they consider as uncontradicted. However, from the undisputed facts that shortly prior to going to work at the service station Pasquinelli had signed a copartnership agreement according to which he was to work there as a working partner entitled to wages irrespective of profits, that he had then paid the major portion of the consideration that agreement required, that he was still working there for the same wages at the time of the accident without having received back the consideration paid and that he instituted his first action to declare the copartnership rescinded and void and to have the consideration returned some months after the accident took place, an inference can reasonably be drawn that at the time of the accident he was a working member of the copartnership, paid wages irrespective of profits, and such inference is not necessarily overcome by the testimony to the contrary of the applicant himself, even if his testimony is not contradicted by other witnesses. ■ The trier of the facts is the sole judge of the credibility of witnesses (Code Civ. Proc., § 1847) and is free to disbelieve them even though they are uncontradicted, if he has any rational ground for doing so—does not act arbitrarily. In most cases he is free to disbelieve testimony contradicting inferential evidence and may accept the result of the inference as true. (*Blank* v. *Coffin,*

20 Cal.2d 457, 461 [126 P.2d 868] ; *Hicks* v. *Reis,* 21 Cal.2d 654, 659-660 [134 P.2d 788].) Among the many things the trier of fact is entitled to consider in passing on the credibility of witnesses are their motives and interest in the result of the case (*Huth* v. *Katz,* 30 Cal.2d 605, 609 [184 P.2d 521] ; *Blank v. Coffin, supra,* at p. 462) and the inherent improbability of their testimony. (*Davis* v. *Judson,* 159 Cal. 121, 128 [113 P. 147] ; *Sanan* v. *Schoenborn,* 47 Cal.App.2d 366, 368 [117 P.2d 731].)

In this case the commission clearly disbelieved the evidence of applicant, and the referee so stated in his report. We cannot say that in so doing the commission acted arbitrarily or without any rational ground. It is obvious that applicant had a personal interest in the result of the case with respect to the liability of the insurance carrier and that he knew that that result might depend on his testimony. Moreover, in every part of his testimony used by petitioners to argue that the partnership agreement was not in effect at the time of the accident the commission could find an element of improbability.

First petitioners argue that the partnership agreement never became effective because according to applicant's testimony it was orally agreed that the DeMartinis were, as a condition precedent for effectiveness, to get their books in order and show them to Pasquinelli and his name was to be entered on the license and the permits for the business. The agreement for such a condition precedent, inconsistent with the terms of the written agreement, which made the partnership immediately effective, might seem improbable where Pasquinelli had already parted with the agreed consideration and the written agreement mentions the inclusion of Pasquinelli's name only as to be done ''as soon as is convenient.'' *Taylor* v. *Nelson,* 26 Cal.App. 681 [147 P. 1189], cited by petitioners may show that a copartnership may remain ineffective notwithstanding a partnership agreement and the passing of consideration, but can not show that an express agreement to that effect is not improbable under the circumstances of this case.

Next, petitioners contend that if the partnership agreement became immediately effective in accordance with its provisions, applicant's testimony shows that by an executed oral agreement it was modified so that when Pasquinelli went to work it was as a mere employee from whose wages deductions were made for social security, unemployment insurance

and income tax, and who did not receive any part of the profits. Again it might be considered improbable that Pasquinelli would consent to such a modification when according to the original agreement, for which he had paid the consideration, he was not only entitled to wages but also to a third share in the profits, whereas according to his verified complaint the representations of the DeMartinis as to the large sales and profits of the business had induced him to enter into the partnership agreement. The wage deductions argued as conclusively corroborating an employer-employee relation were not substantiated by any business records or any other evidence than the testimony of applicant. The trier of facts could take into consideration that business records which must have been available were not introduced and infer that such evidence would have been unfavorable. (Code Civ. Proc., § 1963, subd. 5 and § 2061, subds. 6 and 7; *Shapiro* v. *Equitable Life Assur. Soc.*, 76 Cal.App.2d 75, 93 [172 P.2d 725]; *Roesch* v. *De Mota*, 24 Cal.2d 563, 571 [150 P.2d 422].)

The evidence that claimant had not received profits during the few months he worked is irrelevant even if believed as the partnership agreement left time and extent of distribution of profits to the consent of the partners.

Finally petitioners contend that even if Pasquinelli went to work on the basis of the partnership agreement, he rescinded it before the injury. The only evidence on which this contention is based is applicant's testimony that he asked several times for return of his money, the first time two or three weeks before the accident and that he turned down an offer to have it paid back in monthly instalments of $100. As Pasquinelli continued to work without change in conditions these facts, even if true, do not show a rescission. Moreover, Pasquinelli's complaint was based on quite different facts, to wit, a rescission of all agreements with the DeMartinis with notice to each of them in writing and an offer to restore everything of value received from them. There is no evidence whatever in the record that such a rescission took place prior to the injury. (The complaint does not mention the time of the alleged rescission.)

Under the above circumstances the finding of the commission that claimant was injured while a working member of the copartnership paid wages irrespective of profits must be upheld under the rule that where evidence is conflicting or susceptible of conflicting inferences the finding of the commission is conclusive. (Lab. Code, § 5953; *California Ship-*

*building Corp.* v. *Industrial Acc. Com.*, 27 Cal.2d 536, 541 [165 P.2d 669] ; *Pullman Co.* v. *Industrial Acc. Com.*, 28 Cal. 2d 379, 385 [170 P.2d 10].)

Petitioners DeMartini further contend that the finding that applicant was a working member of the partnership receiving wages irrespective of profits was outside the issues made by the pleadings and that no evidence was introduced as to this point. The point was not stated expressly in the application, but the application mentioned applicant as employee and ''DeMartini's Richfield Service'' as employer. According to section 3359, Labor Code, a working member of a partnership receiving wages irrespective of profits from such partnership is an employee with respect to workmen's compensation. ''DeMartini's Richfield Service'' was the business name both of the old partnership consisting of the DeMartinis alone and of the new one which also included applicant. The answer of the insurance carrier tendered the issue of applicant's membership of the partnership. Under the allegation that applicant was an employee, his being an employee under section 3359 could be proved. (*Hubbert* v. *Industrial Acc. Com.*, 14 Cal.App.2d 171, 173 [58 P.2d 171].) Under section 5500, Labor Code, the application need state only the ''general nature'' of the compensation controversy. The fact that by order of the commission the application and the title of the proceedings were amended to show as defendants-employers the DeMartinis, ''individuals jointly and severally doing business as Lloyd's Richfield Service and DeMartini's Richfield Service'' did not eliminate the issue from the consideration of the commission. It need not adhere to rules of pleading and practice binding ordinary courts. (Lab. Code, §§ 5708, 5709 ; *Hartford A. & I. Co.* v. *Industrial Acc. Com.*, 8 Cal.2d 589, 591 [67 P.2d 105].) This liberal way of proceeding, free of formalism, applies also to the manner in which parties are brought under the jurisdiction of the commission (compare *Georgia Casualty Co.* v. *Industrial Acc. Com.*, 87 Cal.App. 333 [262 P. 394] ; *Cowell* v. *Industrial Acc. Com.*, 11 Cal.2d 172 [78 P.2d 1016] ; *Great W. P. Co.* v. *Industrial Acc. Com.*, 196 Cal. 593 [238 P. 662]) although the constitutional requirements of due process must be observed. (*Carstens* v. *Pillsbury*, 172 Cal. 572 [158 P. 218].) These requirements are not violated here. All three partners of the partnership of which applicant was found to be a working member receiving wages irrespective of profits were before the commission, either as applicant or defendants, and took

part in the proceedings. The wide extent of the proceedings was pointed out to them when at the hearing the referee declared that the commission intended to make a full investigation into all the facts of the case—even if there was no coverage—for the purpose of making an award, notwithstanding the fact that applicant claimed only from the insurance carrier. No legal interest of the defense was impaired. In view of the partnership agreement in evidence and applicant's testimony as to his wages, the insurance carrier's contention of applicant's membership under the agreement at the time of the injury, if accepted, necessarily implied his being entitled to compensation under section 3359, Labor Code.

Petitioners DeMartini complain that although applicant was found to be a working member of a partnership composed of applicant and themselves, award was made against themselves alone, whereas it should have been made against the partnership including applicant, in that manner showing that applicant would be chargeable to contribute a proportionate share. The commission contends no award can be made against the partnership as it is not a legal entity, that a partner cannot be his own employer and that for the purpose of section 3359 the partnership employer consists only of the partners not involved as applicant, their liability being joint and several. We cannot agree with this view of the commission. Although a partnership is not in all respects considered as a separate entity, a legal person, there are purposes for which it is treated as such. (20 Cal.Jur.. 680.) For instance the partnership can acquire and convey real property in its own name (Civ. Code, § 2402(3)); specific partnership property is neither subject to attachment nor to levy under execution on claims against separate partners individually, but only on claims against the partnership (Civ. Code, § 2419(2)(c); *Sherwood* v. *Jackson,* 121 Cal.App. 354, 357 [8 P.2d 943]); on claims against the partnership action can be brought against the partnership as such, as a legal entity distinct from its members, and the judgment binds the partnership property and the individual property of the partners served. (Code Civ. Proc., § 388; *Artana* v. *San Jose Scavenger Co.,* 181 Cal. 627 [185 P. 850].) There can be no doubt that in general a compensation award in behalf of an employee of a partnership can be made against the partnership as such. Does the fact that the "employee" under section 3359, Labor Code, is at the same time a partner of the firm for which he works negative that possibility? We see no good

reason for such a restriction. ▋ A partner, as an individual, may do business with his own firm and stand in the relation of creditor to it. (20 Cal.Jur. 728, n. 4; *Forsyth* v. *Butler*, 152 Cal. 396, 402 [93 P. 90]; Restatement of Contracts, § 17 and cases mentioned in the Cal. Anno. to that section.) In the same manner a partner can be an employee of his own firm. Section 3359 clearly considers the partnership as such as the employer of its working member. The section reads: "A working member of a partnership receiving wages irrespective of profits from such partnership is an employee under this division." Evidently the partnership from which the working member receives wages is his employer with respect to compensation law. This is recognized in *Mary Len Mine* v. *Industrial Acc. Com.*, 64 Cal.App.2d 153, 157 [148 P.2d 106], where the court states: "The practical effect of such section is to make possible a situation wherein an individual may be both partner-employer and partner-employee." In that case an award was upheld in behalf of the widow and minor children of a deceased working partner receiving wages independent of profits against the partnership as such and its surviving partners. ▋ Neither can we see serious objection to the partnership as such being considered defendant and an award being made against it in compensation proceedings in which the working partner himself is the applicant. ▋ At law the general rule is that an action with respect to a partnership transaction cannot be maintained by a partner against his copartners or the partnership without an accounting or settlement of the partnership affair as a whole, but even at law a separate action of a partner against his copartners or the partnership is permitted in certain situations, principally where a separate item is by agreement sufficiently segregated from the general account. (Cases in anno. 21 A.L.R. 21, 34 and 62; 58 A.L.R. 621, 623 and 627; 168 A.L.R. 1088, 1091 and 1100.) In *Blee* v. *Lead Mountain Mines*, 8 Cal.2d 550, 552 [66 P.2d 646], a judgment foreclosing a chattel mortgage and entering a deficiency judgment in favor of a partner against his partnership to which he had lent money on a note, and against his individual copartners was upheld on the basis of the exception stated. If this is possible at law it is *a fortiori* possible in the freer and less formal compensation proceedings, the Labor Code having enacted a special compensation liability of the partnership as employer in behalf of a working partner as employee. Compare *Keegan* v. *Keegan*, 194 Minn. 261 [260 N.W. 318], in which case the

liability of a partnership to a partner for compensation because of the death of her husband as an employee of the partnership was upheld.

The view of the commission would lead to the very undesirable result that there would be no foundation for resort to the partnership property and for contribution by the applicant partner in the award. Petitioners DeMartini, whose rights to contribution are impaired are entitled to complain of the error. (*Hartford A. & I. Co.* v. *Industrial Acc. Com.,* 8 Cal.2d 589, 591 [67 P.2d 105]; *Cowell* v. *Industrial Acc. Com.,* 11 Cal.2d 172, 179 [78 P.2d 1016].) Evidently no award against applicant individually can be made but an award against the copartnership consisting of the petitioners DeMartini and applicant together with awards against the DeMartinis individually will bring the correct result. Although the allegations of the petition, certainly after the amendment by the commission, might not have been sufficient as basis for such a judgment in a court of law, the same does not apply to an award of the commission on the grounds set out hereinbefore.

Petitioners DeMartini contend that as partners they are only jointly liable, not jointly and severally. It is true that the liability of partners for compensation is joint only. (Civ. Code, § 2409(b); *Palle* v. *Industrial Commission,* 79 Utah 47 [7 P.2d 284, 81 A.L.R. 1222, 1227]; 20 Cal.Jur. 740.) However, this does not prevent several judgments or awards against them where all partners are parties to the proceedings and each is liable to the plaintiff or applicant for the entire amount. (*Reed* v. *Industrial Acc. Com.,* 10 Cal.2d 191, 193 [73 P.2d 1212, 114 A.L.R. 720]; *Harbor City Canning Co.* v. *Dant,* 201 Cal. 79, 85-86 [255 P. 795]; *Brazil* v. *Azevedo,* 32 Cal.App. 364, 368 [162 P. 1049].)

The case is remanded to the commission for modification as herein indicated. In all other respects the award is affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied March 17, 1949, and petitioner's and respondent's (Pasquinelli) petition for a hearing by the Supreme Court were denied April 14, 1949 Carter, J., voted for a hearing.