RICHARD L. HOLMES, Retired Appellate Judge.
On August 23, 1994, Leroy Phillips was allegedly injured while working in the line and scope of his employment with Powers Discount Furniture Center (furniture center). Thereafter, Phillips filed a complaint against the furniture center and another fictitious party, seeking workers’ compensation benefits for his alleged injuries.
Phillips subsequently amended his complaint and named the following defendants: Billy Powers, Mary Powers, Mike Powers, Cheri Powers, Marla Hunt, and Danny Hunt (Powers family), d/b/a Powers Discount Furniture Center. Phillips amended his complaint again, wherein he sought double penalties, alleging that the Powers family failed to maintain workers’ compensation insurance coverage for their employees.
The Powers family filed an answer, wherein they denied that the furniture center was subject to the workers’ compensation laws of the state of Alabama because, they said, the furniture center employed less than five employees. Specifically, the members of the Powers family contended that they were partners and not employees.
On May 6, 1996, after an ore tenus hearing, the trial court determined that the furniture center was a partnership that employed less than five employees and was, therefore, exempt from the Workers’ Compensation Act, pursuant to § 25-5-50, Ala.Code 1975. The trial court entered a judgment in favor of the Powers family.
Phillips appeals.
Alabama has adopted the Uniform Partnership Act, codified at Ala.Code 1975, §§ 10-8-1 through -103. Under that Act, a partnership is defined as an “association of two or more persons to carry on as co-owners a business for profit.” § 10-8-2(7), Ala.Code 1975. A critical factor in determining whether a partnership relationship exists is the existence of a legally binding obligation to share in the losses of the business. Adderhold v. Adderhold, 426 So.2d 457 (Ala.Civ.App.1983). Furthermore, the receipt of profits from a business is prima facie evidence that the recipient is a partner. Adderhold. A partnership is not subject to federal income tax. However, it is required to file a Form 1065 with the Internal Revenue Service for purposes of reporting income. See I.R.C. § 701 (1994).
Here, the record is replete with evidence indicating that the furniture center operated as a partnership. The members of the Powers family produced numerous documents, as well as testimony, indicating that they were, in fact, partners. They produced W-3 and W-2 statements, quarterly Alabama income tax returns, quarterly federal income tax returns, and a Form 1065, which is a U.S. Partnership Return of Income form. The Form 1065 included Schedule K-l’s, which showed the profits and losses allocated to each partner. The W-2 statement for the third and fourth quarters of 1994 indicated that the furniture center withheld and paid federal income taxes for four employees only. Phillips was one of those four employees. Furthermore, the senior tax accountant at H & R Block testified that the members of the Powers family were partners.
Hence, the indicia of a partnership, i.e., evidence regarding intent and the agreement to be partners, sharing of the profits and the losses, sharing of the management, and other supporting documentation, has been established in the instant case.
The pertinent part of § 25-5-50, Ala.Code 1975, specifically states that “an employer who regularly employs less than five employees in any one business” is exempt from the Workers’ Compensation Act, as it pertains to receiving benefits for injuries.
At the time of Phillips’s accident in 1994, there were four employees and six members of the Powers family. Phillips does not dispute the fact that the furniture center operated as a partnership and that the members of the Powers family were partners, who managed the business. Instead, he contends that the individual members of the Powers family should be counted as employees for the purpose of making up the minimum number of employees necessary to *351 bring the furniture center within the Workers’ Compensation Act.
Alabama has recognized that a “working partner” in a partnership is not an “employee” for purposes of the Workers’ Compensation Act. Ford v. Mitcham, 53 Ala.App. 102, 298 So.2d 34 (Ala.Civ.App.1974). The majority of states that have “dealt judicially with the status of “working partners’ ... [have] held that they cannot be employees.” 1C Arthur Larson, The Law of Workmen’s Compensation § 54.30, at 9-268 (1991).
We would note that some states have enacted statutes providing that a working partner can also be an employee under the state’s workers’ compensation laws. See De Martini v. Industrial Accident Comm’n, 90 Cal. App.2d 139, 202 P.2d 828 (1949); Ayers v. Genter, 367 Mich. 675, 117 N.W.2d 38 (1962). However, Alabama has not enacted such a statute. Furthermore, the enactment of such a statute would require legislative action, rather than a judicial decision.
For the foregoing reasons, we conclude that for purposes of this appeal, the members of the Powers family were not employees and, therefore, could not be counted as employees for purposes of making up the minimum number necessary to bring the furniture center within the Workers’ Compensation Act, pursuant to § 25-5-50, Ala.Code 1975.
Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.