YATES, Judge.
David Treadwell sued his employer, A-0 Machine Company, Inc., and its corporate officers A.O. Uptain and Ronald Uptain (hereinafter collectively referred to as “A-0 Machine”), seeking workers’ compensation benefits for injuries he sustained to his left hand on November 11,1993, during the course of his employment. Following an ore tenus proceeding, the court, on October 1, 1997, entered an order finding that A-0 Machine employed fewer than five employees and that it was, therefore, exempt from the Workers’ Compensation Act, pursuant to § 25-5-50, Ala.Code 1975. The court entered a judgment in favor of A-0 Machine. Treadwell appeals.
The court made the following findings of fact:
“1. The plaintiff Treadwell was employed by A.O. Machine Shop at then-establishment in Leeds, Alabama.
“2. On November 11, 1993, Tread-well was sawing on a machine with no one else present. While performing this operation he inadvertently touched the blade of the saw with his middle finger and as a result suffered an injury to the finger.
“3. A.O. Machine is a corporation. At the time of the accident, there was employed at A.O. Machine, Treadwell and Bobby Duke.
“4. In addition, working at the shop in Leeds was Ronald Uptain, one of the defendants herein, and, at times, A.O. Uptain, another defendant. Ronald Up-tain is the president and CEO of A.O. Machine Co. A.O. Uptain is the founder of the company, former president and a major stockholder. A.O. Uptain is mostly retired from actual work but does perform work on occasion on the premises three or four times a week. He *1266 works 50-60% of the time in a building next door, a different company than A.O. Machine.
“In addition, the secretary of the corporation is Peggy Uptain. Other than keeping the books and filing taxes, she performs no work for the company. There was no evidence that she received a wage or salary from the company.
“Ronald Uptain and A.O. Uptain split the profits from the company in a bonus check each year. A.O. Uptain does not draw a wage, other than the bonus.
“5. While there was some testimony of other occasional workers at the plant, the Court does not find that, other than perhaps one other temporary employee [who was occasionally employed at A.O. Machine, any other people were employed at A.O. Machine].
“6. The injury to Treadwell was not the result of any wantonness, negligence, failure to provide a safe workplace, or any other misconduct of the defendants.”[1]
Treadwell argues that the Uptains, as corporate officers of A-0 Machine, were employees of the company and, therefore, should be counted as such for purposes of § 25-5-50, Ala.Code 1975. The relevant part of § 25-5-50 states that “an employer who regularly employs less than five employees in any one business” is exempt from the Workers’ Compensation Act as it pertains to paying benefits to injured employees. The trial court relied upon Phillips v. Powers Discount Furniture Center; 686 So.2d 349 (Ala.Civ.App.1996). In Phillips, this court held that partners who managed the partnership were not “employees” and could not be counted as employees of the partnership for the purpose of making up the minimum number of employees necessary to bring the partnership within the Workers’ Compensation Act. See § 25-5-50, Ala.Code 1975.
The court’s reliance upon Phillips was misplaced. This court has held in Read News Agency, Inc. v. Moman, 383 So.2d 840 (Ala.Civ.App.1980), that executives of small corporations should be treated as employees of the corporation, absent a showing of circumstances that would justify ignoring the corporate entity altogether. In Read News Agency, Inc., the plaintiff was the principal shareholder and chairman of the board of the five defendant corporations. His wife was the secretary-treasurer of each of the corporations and sat on the board of directors. She owned stock in each corporation. The wife received a salary of approximately $350 per week and worked at a separate office she maintained in her home. While on a business trip with the plaintiff, she was killed when the airplane the plaintiff was piloting crashed. The plaintiff sought workers’ compensation benefits from the corporation. The corporation contended that the wife had not been an employee, as she had to be for her husband to recover benefits, but had been, under the terms of the Workers’ Compensation Act, an employer. In holding that officers of a small corporation are employees of the corporation, this court stated:
“Under basic tenets of corporate law, we conclude this is a sound approach. A corporation is a distinct and separate entity from the individuals who compose it as stockholders or who manage it as directors or officers. Furthermore, the corporation, as [a] legal entity, can only conduct its business through its agents or employees.
“Thus, the corporate executive, in discharging his duties, must necessarily be an employee of the corporation. If he is not, it is beyond this court’s abilities to say for whom he is working.
“The language of our Workmen’s Compensation Act, § 25-5-1, et seq., Code of Ala.1975, compels this approach. At § 25-5-1, the basic definitional section of the Act, the terms ‘employee’ and “workman’ are expressly made interchangeable, and it is mandated they *1267 shall be construed to mean the same, including ‘every person ... in the service of another under any contract of hire, express or implied, oral or written....’ §25-5-1(6).
“There is clearly no distinction drawn here between those who live by the sweat of their brow and those who enjoy the title, ‘executive.’ ”
383 So.2d at 843 (citations omitted). We also note Queen City Furniture Co. v. Hinds, 274 Ala. 584, 150 So.2d 756 (1963). In that case, the president and principal stockholder of a manufacturing company was killed in an automobile accident while returning from making a collection from a customer of the company. Our supreme court held that the Workers’ Compensation Act applied to him, because his executive duties were secondary to his work as a collector for the company. Id.
We recognize that in Read News Agency, Inc. and Queen City Furniture Co. the estates of the deceased executives were trying to bring those executives under the coverage of the Act as employees in order for their estates to receive death benefits. In the present case, company executives are seeking nonemployee status, for the purposes of § 25-5-50; however, the same principles of law for determining whether executives of small corporations are also employees of that corporation are applicable for both situations. Therefore, because the court apparently misunderstood and therefore misapplied the law to the facts of this case and because the record on appeal provides only limited facts (see note 1), we reverse the judgment and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.

. The record does not contain a transcript of the hearing in this case.