749 So.2d 1268 (1999)
Ex parte A-O MACHINE COMPANY, INC.; A.O. Uptain; and Ronald Uptain.
(In re David Treadwell v. A-O Machine Company, Inc., A.O. Uptain, and Ronald Uptain).
1972013.
Supreme Court of Alabama.
September 10, 1999.
Ralph D. Long, Birmingham, for petitioners.
James H. McFerrin of Southeastern Legal Group, L.L.C., Birmingham, for respondent.
*1269 LYONS, Justice.
David Treadwell sued his employer, A-O Machine Company, Inc., and its corporate officers, A.O. Uptain and Ronald Uptain (hereinafter the three are collectively referred to as "A-O Machine"), seeking to recover workers' compensation benefits for an on-the-job injury. A-O Machine moved to dismiss on the ground that it employed fewer than five employees and therefore was not subject to the Alabama Workers' Compensation Act. Section 25-5-50(a), Ala. Code 1975, states that "an employer who regularly employs less than five employees in any one business" is exempt from the Workers' Compensation Act as it relates to paying benefits to injured employees.
Following an ore tenus hearing, the trial court, relying on Phillips v. Powers Discount Furniture Center, 686 So.2d 349 (Ala.Civ.App.1996) (holding that partners are not deemed "employees" of a partnership), entered a judgment in favor of A-O Machine, concluding that it employed fewer than five employees and was therefore exempt from the Workers' Compensation Act. Treadwell appealed. The Court of Civil Appeals reversed the judgment of the trial court and remanded the case for further proceedings, holding that the trial court had misapplied general partnership law to the facts of the case. See Treadwell v. A-O Machine Co., 749 So.2d 1265 (Ala.Civ.App.1998). We granted A-O Machine's petition for certiorari review.
We initially note that the record in this case does not contain a transcript of the hearing and that we therefore are limited to the following pertinent findings of fact made by the trial court:
"1. The plaintiff Treadwell was employed by [A-O Machine Company at its] establishment in Leeds, Alabama.
"2. On November 11, 1993, Treadwell was sawing on a machine with no one else present. While performing this operation he inadvertently touched the blade of the saw with his middle finger and as a result suffered an injury to the finger.
"3. [A-O] Machine is a corporation. At the time of the accident, there was employed at [A-O] Machine, Treadwell and Bobby Duke.
"4. In addition, working at the shop in Leeds was Ronald Uptain, one of the defendants herein, and, at times, A.O. Uptain, another defendant. Ronald Uptain is the president and CEO of [A-O] Machine Co. A.O. Uptain is the founder of the company, former president and a major stockholder. A.O. Uptain is mostly retired from actual work but does perform work on occasion on the premises three or four times a week. He works 50-60% of the time in a building next door, a different company than [A-O] Machine.
"In addition, the secretary of the corporation is Peggy Uptain. Other than keeping the books and filing taxes, she performs no work for the company. There was no evidence that she received a wage or salary from the company.

"Ronald Uptain and A.O. Uptain split the profits from the company in a bonus check each year. A.O. Uptain does not draw a wage, other than the bonus."
(Emphasis added.)
It is undisputed that at the time of Treadwell's injury, A-O Machine regularly employed Treadwell and Bobby Duke. The Court of Civil Appeals, relying on Read News Agency, Inc. v. Moman, 383 So.2d 840 (Ala.Civ.App.1980), held that A-O Machine also employed its corporate officers A.O. Uptain, Ronald Uptain, and Peggy Uptain. In Read News, the Court of Civil Appeals held: "[T]he corporate executive, in discharging his duties, must necessarily be an employee of the corporation. If he is not, it is beyond this court's abilities to say for whom he is working." Id. at 843.
A-O Machine contends that Read News is distinguishable from the instant case because, it says, Peggy Uptain, unlike the corporate executive in Read News, was not *1270 compensated for services. It is undisputed that the corporate executive in Read News received a weekly salary for the services she performed.
Section 25-5-1(5) defines "employee" or "worker" as "every person in the service of another under any contract of hire, express or implied, oral or written." (Emphasis added.) A-O Machine maintains that, because Peggy Uptain was not compensated for her services, she cannot be deemed to be "under any contract of hire" and therefore is not an "employee," as that term is defined by § 25-5-1(5), for purposes of ascertaining whether A-O Machine employed the number of persons necessary to bring it within the provisions of the Workers' Compensation Act.
Our cases dealing with the definition of "employee" have generally been limited to distinguishing between employees, "special employees," and independent contractors. See Ex parte Stewart, 518 So.2d 118, 119 (Ala.1987) ("right-of-control test" determines whether a particular person is an employee and subject to the Workers' Compensation Act or is an independent contractor and not subject to the Act); Gaut v. Medrano, 630 So.2d 362 (Ala.1993) (genuine issues of material fact as to whether person performing work had implied contract of hire with plant owner precluded summary judgment against that person on the ground that he was a "special employee" and, thus, excluded from coverage of the Workers' Compensation Act).
We have found no Alabama cases specifically addressing the issue whether one working as a volunteer may be deemed an "employee" for purposes of making up the minimum number of employees necessary to bring an employer within the coverage of the Workers' Compensation Act. However, the South Carolina Supreme Court considered this issue in Kirksey v. Assurance Tire Co., 314 S.C. 43, 443 S.E.2d 803 (1994), where that court held that a person working gratuitously was not to be counted as an employee in determining whether an employer had the minimum number of employees needed to bring it within the coverage of South Carolina's Workers' Compensation Act.
Courts from other jurisdictions, including Minnesota, after which Alabama patterned its workers' compensation laws, have held that a person working as an unpaid volunteer is not an "employee" for purposes of determining whether that person, when injured, has coverage under the workers' compensation laws. See Holm v. H & S Asphalt Co., 283 Minn. 330, 167 N.W.2d 743 (1969) (volunteer was not an employee under contract of hire; emphasizing that while executive officer of corporation may be included within statutory definition of "employee," to be included the officer still must perform services for hire, just as in the case of any other person to be covered by the act); Charlottesville Music Center, Inc. v. McCray, 215 Va. 31, 205 S.E.2d 674 (1974) (15-year-old boy who was killed while helping his friend put up shelves and who did not expect any payment for his services was held not to be an employee); and Hoste v. Shanty Creek Management, Inc., 459 Mich. 561, 592 N.W.2d 360 (1999) (privileges conferred by employer did not rise above level of gratuity so as to make the recipient a party to a contract of hire and therefore an employee for purposes of determining coverage under Michigan's workers' compensation law). In Hoste, the Michigan Court, elaborating on the phrase "of hire," stated:
"Consequently, it is essential to turn our attention to the phrase `of hire' and its meaning under the [Worker's Disability Compensation Act]. Fundamental principles of worker's compensation indicate that the words connote payment of some kind. See 3 Larson, Worker's Compensation, § 47.41, pp. 8-346 to 8-353. `The entire philosophy [of worker's compensation] assumes that the worker is in a gainful occupation at the time of injury,' Betts v. Ann Arbor Public Schools, 403 Mich. 507, 518, 271 N.W.2d 498 (1978) (Ryan, J., dissenting, citing *1271 1B Larson, Workmen's Compensation, § 47.10).... The Legislature accordingly designed worker's compensation to be a safety net to provide `income maintenance for persons who have met misfortune or whose regular income source has been cut off.' Franks v. White Pine Copper Div., 422 Mich. 636, 654, 375 N.W.2d 715 (1985)."
Id., 459 Mich. at 574-75, 592 N.W.2d at 365 (emphasis omitted).
The only definition of "employee" in the Alabama Workers' Compensation Act is found at § 25-5-1(5). We are not authorized to amend the Act by creating a double standard by which to determine (1) whether a person is an "employee" for purposes of receiving benefits under the Act or (2) whether a person is an "employee" for purposes of ascertaining if an employer has the number of employees necessary to make it subject to the Act. The record contains no evidence indicating that Peggy Uptain rendered her services pursuant to a contractual obligation, nor does it contain evidence indicating that she received any compensation for the limited services she rendered for A-O Machine. In the absence of evidence indicating that she had a contract for hire, we conclude that Peggy Uptain was not an "employee" as that term is defined by § 25-5-1(5).
Accordingly, we reverse the judgment of the Court of Civil Appeals and remand the cause for an order consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, and BROWN, JJ., concur.
JOHNSTONE, J., dissents.
JOHNSTONE, Justice (dissenting).
I respectfully dissent because the following authorities establish that the corporate secretary, although unpaid, was, indeed, an employee for the purposes of the Workers' Compensation Act.
Section 25-5-50, Ala.Code 1975, implicitly declares a corporate officer to be an employee in its provision that "an officer of a corporation may elect annually to be exempt from coverage by filing written certification of the election with the department and the employer's insurance carrier."
In Read News Agency, Inc. v. Moman, 383 So.2d 840 (Ala.Civ.App.1980), the Court of Civil Appeals holds that, under basic tenets of corporate law, a corporate executive is necessarily an employee of the corporation. The legislature has ratified the decision of the Court of Civil Appeals that a corporate executive or officer is an employee of the corporation by adopting § 10-2B-1.40(9), Ala.Code 1975 (Cum. Supp.1998). That section provides that "`Employee' includes an officer but not a director...." The corporate secretary is a "corporate officer to whom the board of directors has delegated responsibility under Section 10-2B-8.40(c) for custody of the minutes of the meetings of the board of directors and of the shareholders and for authenticating records of the corporation." § 10-2B-1.40(22).
Section 25-5-1(5) defines an employee or worker as "every person in the service of another under any contract of hire, express or implied, oral or written...." Thus, a contract of hire can be implied. Inclusion of the secretary in the corporate documents designating her as secretary and establishing her powers and duties constitutes an implied contract for hire at the very least. Therefore, Peggy Uptain, as the secretary of the corporation, was its employee.
The majority concedes that the corporation had four other employees. Consequently, the Court of Civil Appeals correctly determined that A-O Machine Company employed five employees so as to be subject to the Workers' Compensation Act.